141 F.3d 1181
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Jackie L. KNIGHT; Janeane Lloy Knight, Defendant-Appellant.
 No. 97-30175.
D.C. No. CR-94-60017-1-2-MRH.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted Mar. 10, 1998**.
Decided Mar. 17, 1998.
 
 Appeal from the United States District Court for the District of Oregon Michael R. Hogan, Chief Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jackie L. Knight and Janeane Lloy Knight, who moved to correct their sentences, appeal pro se the district court's denial of a safety valve adjustment under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1 .2. The district court had previously set aside Jackie Knight's sentence and conviction under 28 U.S.C. § 2255 because there was insufficient evidence to prove that the defendant used or carried a firearm under Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for clear error, United States v. Sherpa, 110 F.3d 656, 659 (9th Cir.1997), and affirm.[1]
 
 
 3
 The Knights contend that the district court erred by refusing to apply the safety valve provision of the Sentencing Guidelines after the district court set aside Jackie Knight's conviction for using a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c). There was enough evidence to prove that the Knights possessed firearms during their drug trafficking offense even if there was insufficient evidence to prove that the defendants used or carried a firearm under Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Accordingly, the district court did not clearly err by denying the defendant's request for a downward departure pursuant to the safety valve provision. See 18 U.S.C. § 3553(f)(2) (1993); U .S.S.G. § 5C1.2(2) (1993).[2]
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The government contends that we do not have jurisdiction to hear Janeane Knight's appeal because she neither filed a notice of appeal nor signed Jackie Knight's notice of appeal. We disagree because Jackie and Janeane Knight are married and "a notice of appeal filed pro se is filed on behalf of the party signing the notice and the signer's spouse." Fed. R.App. P. 3(c)
 
 
 [2]
 To the extent the Knights argue that they should have been granted a downward adjustment for acceptance of responsibility, this contention is meritless. Jackie and Janeane Knight were both awarded a downward adjustment for acceptance of responsibility. Jackie Knight was unable to receive the benefit of the downward adjustment because he did not meet the safety valve provision and was sentenced to the mandatory minimum